ACCEPTED
14-15-00673-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
9/2/2015 3:49:28 PM
CHRISTOPHER PRINE
CLERK

NO. 14–15–00673–CV

IN THE
COURT OF APPEALS
FOR THE FOURTEENTH DISTRICT
OF THE STATE OF TEXAS
AT HOUSTON

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
9/2/2015 3:49:28 PM
CHRISTOPHER A. PRINE
Clerk

WINSTON LEON HENDRICKS
Appellant,

vs.

SHARON KAYE (BERWICK) BARKER, INDIVIDUALLY AND AS THE
INDEPENDENT EXECUTRIX OF THE ESTATE OF JAMES LUTHER BERWICK
Appellee.

On Appeal from the 127th Civil District Court
of Harris, County, Texas

## APPELLANT'S RESPONSE TO COURT'S NOTICE REGARDING COURT REPORTER'S RECORD AND REGARDING CLERK'S RECORD WITH REQUEST FOR EXTENSION TO FILE BOTH RECORDS

1. Appellant is Winston Leon Hendricks and Appellee is Sharon Kaye (Berwick) Barker, Individually and as the Independent Executrix of the Estate of James Luther Berwick.

2. The Court has sent a notice, dated **August 19, 2015** for the Appellant's attorney to contact the Court Reporter to make arrangement for payment of the Court Reporter's Record.

3. Appellant's attorney has attempted to contact the Official Court Reporter of the 127th Civil District Clerk regarding

1

the record (consisting of 2 or 3 hearings). It is assumed that the Court Reporter has been very busy and therefore, the date to respond has come and gone and therefore, **Appellant's** attorney needs to report to this Court the status and request an extension of time to file both the Court Reporter's Record and the Clerk's Record.

4. **Appellant's** attorney was out of State *(with a formal vacation letter for same having been duly and timely filed with the Harris County Clerk)* during much of July. Therefore the first part of August was spent in trying to catch up and be prepared on several trials scheduled for August.

5. **Appellant's** attorney had paid the official Court Reporter for the 127th Civil District Clerk *(**Court Reporter** herein)* for portions of the record, before the notice of appeal was filed. **Appellant's** attorney needs to be able to contact the **Court Reporter** and discuss what all records she has in this case, to assure that the complete record taken has been transcribed, has been and/or will be paid, and filed with this Court shortly.

6. **Appellant's** attorney paid:

a. $110.00 on October 23, 2014 on ck #2282 for a transcript of the record believed to be the hearing held on August 29, 2014; and

b. $32.50 on October 28, 2014 on ck #2290 for a transcript of the record on either October 17 or 23, 2014.

c. There was apparently a hearing on August 7, 2015, when **Appellant's** attorney was out of State, with a

2

vacation letter having been timely filed. This was after the Court had disqualified **Appellant's** attorney *(upon which this appeal was taken)*. Therefore **Appellant's** attorney believes this was perhaps the hearing at which the case was dismissed. However, that dismissal was after **Appellant's** attorney had filed a notice of appeal in the case. **Appellant's** attorney deems he was improperly disqualified by the Court. The Judge not only ordered **Appellant's** attorney disqualified, but also ORDERED **Appellant's** attorney not to discuss anything about the case with **Appellant**.

d.     There appears to be a transcript on three hearings on this matter. This is what **Appellant's** attorney and the **Court Reporter** need to discuss to determine if the **Court Reporter** has transcribed all of the records or only two of three *(the **Court Reporter** has indicated there are three)*. **Appellant's** attorney left word, by phone, for the **Court Reporter** to contact him, as **Appellant's** attorney was preparing this Motion. Then the **Court Reporter** sent an email regarding the transcripts, indicating she had been paid on one. It stated that the **Court Reporter** is filing one of the transcripts, and has been paid for same, and there are two others, which she can transcribe and file. **Appellant's** attorney's phone call on September 1, 2015 to the **Court Reporter**, after receiving the email, did not result in contact. Another

3

attempt has been made on September 2, 2015 with again a return phone number supplied by **Appellant's** attorney. It is hoped that a response today, September 2, 2015 will result in the **Court Reporter** being able to get all transcripts filed, and payment for any unpaid transcript paid by **Appellant's** attorney on this same date.

    e.    Therefore, with an extension of time to file the **Court Reporter's** transcripts is requested.

7.    The Harris County Clerk is believed to have sent part of the record, but the complete request was delayed by the **Appellant's** attorney being out of State much of July, and trying to catch up on a number of cases at the expiration of the vacation letter period which ended on August 2, 2015. A request for an extension of time to have the **Clerk's** record completed is also requested.

WHEREFORE, this is the **Appellant's** first request for an extension of time to get the **Court Reporter's** and **Clerk's** records filed with the Fourteenth Court of Appeals; and for such other and further relief, at law or in equity, to which the **Appellant** may be justly entitled.

Respectfully submitted,

**T. W. PROCTOR & ASSOCIATES**



T. W. Proctor, J.D.---Attorney for
Appellant
**Glendale Mediation Center**
630 Uvalde  Houston, TX 77015-3766
(713)  453-8338   **TBA  #16350000**
FAX (713) 453-3232
email: <u>auraman@swbell.net</u>

## *CERTIFICATE OF SERVICE*

On September 2, 2015, I, **T. W. Proctor, J.D.**, attorney for **Appellant**, hereby certify that I have delivered a true and correct copy of the above instrument(s) to each attorney of record or pro se party herein, at the address(es) shown below: by sending through ProDoc service, asking for email to be sent; and/or sending same by email with a read receipt requested; and/or by placing same in a U.S. post-paid certified mail wrapper, addressed as shown below, and deposited in a receptacle under the care and control of the U.S. Postal Service; and/or by sending by **FAX**:

**WILLIAM T. POWELL, J.D.**, LAW OFFICE OF WILLIAM T. POWELL, 2700 POST OAK, SUITE 1050, HOUSTON, TEXAS 77056 ☎ 713-722-9233 **FAX 713-722-9433 TBA 16206800** Email: <u>ted@tedpowelllaw.com</u> Attorney for **Appellee**



T. W. Proctor, J.D.--Attorney for
Appellant